IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JANET M. STRATE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 4:02CV00219 DDN |
| | ) | |
| MIDWEST BANKCENTRE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Pursuant to this Court's Amended Case Management Order dated January 29, 2003, as further amended by this Court's Order dated August 4, 2003, Plaintiff Janet M. Strate ("Strate") hereby submits the following proposed jury instructions in this action.  We reserve and request the opportunity to supplement or revise these proposed jury instructions based on this Court's further orders or instructions.  We also reserve and request the ability to supplement or revise these proposed instructions as a result of new or additional information regarding the claims at issue or the evidence presented at trial.

Respectfully submitted,

HUSCH & EPPENBERGER, LLC

By:  _____/s/Gerard K. Rodriguez_____
    Harry B. Wilson, E.D.Mo. #4725
    e-mail:  harry.wilson@husch.com
    Gerard K. Rodriguez, E.D.Mo. #44637
    e-mail:  jerry.rodriguez@husch.com
    Tamara M. Spicer, E.D.Mo. #122214
    e-mail:  tamara.spicer@husch.com
    190 Carondelet Plaza, Suite 600
    St. Louis, MO  63105
    Telephone:  (314) 480-1500
    Facsimile: (314) 480-1505
*Attorneys for Plaintiff Janet M. Strate*

## CERTIFICATE OF SERVICE

I hereby certify that on the __27th__ day of October, 2003, Plaintiff's Proposed Jury Instructions were filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Kent Munson, Esq.
The Stolar Partnership
911 Washington Avenue, 7th Floor
St. Louis, MO 63101
*Attorneys for Defendant Midwest BankCentre, Inc.*

_____/s/Gerard K. Rodriguez_____
Gerard K. Rodriguez, E.D.Mo. #44637
190 Carondelet Plaza, Suite 600
St. Louis, MO  63105
Telephone:  (314) 480-1500
Facsimile: (314) 480-1505
*Attorneys for Plaintiff*

**INSTRUCTION NO. _____**

Ladies and gentlemen:  I will take a few moments now to give you some initial instructions about this case and about your duties as jurors.  At the end of the trial I will give you further instructions.  I may also give you instructions during the trial.  Unless I specifically tell you otherwise, all such instructions – both those I give you now and those I give you later – are equally binding on you and must be followed.

This is a civil case brought by Ms. Strate against the Bank.  Ms. Strate alleges that the Bank unlawfully discriminated against Ms. Strate in her employment based on her pregnancy, childbirth, or related medical conditions, her newborn son's physical disability, her decision to exercise her rights to enroll her newborn son on the Bank's group health insurance plan, and her decision to exercise her leave rights under the Family and Medical Leave Act.  The Bank denies these allegations.  It will be your duty to decide from the evidence whether the Ms. Strate is entitled to a verdict against the Bank.

From the evidence you will decide what the facts are.  You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life.  You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict.  You are the sole judges of the facts; but you must follow the law as stated in my instructions, whether you agree with it or not.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any motives they

may have for testifying a certain way, their manner while testifying, whether they said something different at an earlier time, the general reasonableness of their testimony and the extent to which their testimony is consistent with other evidence that you believe.

Do not allow sympathy or prejudice to influence you.  The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

Source:        8th Cir. Civil Jury Instr. 1.01 (2001).

Submitted by Plaintiff.

**INSTRUCTION NO. _____**

I have mentioned the word "evidence."  "Evidence" includes the testimony of witnesses; documents and other things received as exhibits; any facts that have been stipulated – that is, formally agreed to by the parties; and any facts that have been judicially noticed – that is facts which I say you must accept as true.

Certain things are not evidence.  I will list those things for you now:

1.       Statements, arguments, questions and comments by lawyers are not evidence.

2.       Exhibits that are identified by a party but not offered or received in evidence are not evidence.

3.       Objections are not evidence.  Lawyers have a right and sometimes an obligation to object when they believe something is improper.  You should not be influenced by the objection.  If I sustain an objection to a question or an exhibit, you must ignore the question or the exhibit and must not try to guess what the information might have been.

4.       Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence and must not be considered.

5.       Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only.  That is, it can be used by you only for one particular purpose, and not for any other purpose.  I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence."  You are instructed that you should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

Source:        8th Cir. Civil Jury Instr. 1.02 (2001).

Submitted by Plaintiff.

**INSTRUCTION NO. _____**


During the trial it may be necessary for me to speak with the lawyers out of your hearing, either by having a bench conference here while you are present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence which govern the trial, and to avoid confusion and error.  We will, of course, do what we can to keep the number and length of these conferences to a minimum.


Source:        8th Cir. Civil Jury Instr. 1.03 (2001).

Submitted by Plaintiff.

**INSTRUCTION NO. _____**


At the end of the trial you must make your decision based on what you recall of the evidence.  You will not have a written transcript to consult.  You must pay close attention to the testimony as it is given.


Source:        8th Cir. Civil Jury Instr. 1.04 (2001).

Submitted by Plaintiff.

**INSTRUCTION NO. _____**

Finally, to insure fairness, you as jurors must obey the following rules:

*First*, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been terminated as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me.  If someone should try to talk to you about the case during the trial, please report it to me.

*Fourth*, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case – you should not even pass the time of day with any of them.  It is important not only that you do justice in this case, but that you also give the appearance of doing justice.  If a person from one side of the lawsuit sees you talking to a person from the other side – even if it is simply to pass the time of day  – an unwarranted and unnecessary suspicion about your fairness might be aroused.  If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, remember it is because they are not supposed to talk or visit with you either.

*Fifth*, do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it.

*Sixth*, do not do any research or make any investigation about the case on your own.

*Seventh*, do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

Source:        8th Cir. Civil Jury Instr. 1.05 (2001).

Submitted by Plaintiff.

**INSTRUCTION NO. _____**

The trial will proceed in the following manner:

First, the Ms. Strate's attorney may make an opening statement.  Next, the  the Bank's attorney may make an opening statement.  An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

The Ms. Strate will then present evidence and counsel for the Bank may cross-examine. Following the Ms. Strate's case, the  the Bank may present evidence and Ms. Strate's counsel may cross-examine.

After presentation of evidence is completed, the attorneys will make their closing arguments to summarize and interpret the evidence for you.  As with opening statements, closing arguments are not evidence.  The court will instruct you further on the law.  After that you will retire to deliberate on your verdict.

Source: 8th Cir. Civil Jury Instr. 1.06 (2001).

Submitted by Plaintiff.

**INSTRUCTION NO. _____**


During the trial of this case, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case. The testimony of a witness who, for some reason is not present to testify from the witness stand may be presented in writing under oath. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

Source:    O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* § 105.02 (2000).

Submitted by Plaintiff.

**INSTRUCTION NO. _____**

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations of life.  A corporation is entitled to the same fair trial as a private individual.  All persons, including corporations, and other organizations stand equal before the law, and are to be treated as equals.

<u>Source</u>:      O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* § 103.12 (2000).

Submitted by Plaintiff.

ST_LOUIS\1460529.02

11

**INSTRUCTION NO. _____**

Under the Pregnancy Discrimination Act ("PDA"), it is unlawful for an employer to intentionally discriminate against any person with respect to compensation, tenure, conditions, or privileges of employment because of such person's pregnancy, childbirth, or related medical conditions.

Ms. Strate claims that the Bank intentionally discriminated against her because of her pregnancy, childbirth, or related medical conditions.  The Bank denies this charge.

It is your responsibility to decide whether Ms. Strate has proven her claim of intentional discrimination by the Bank by a preponderance of the evidence.

Source:    O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* § 171.01 (2000); 42 U.S.C. § 2000e(k).

Submitted by Plaintiff

**INSTRUCTION NO. _____**

Your verdict must be for Ms. Strate on her pregnancy discrimination claim if Ms. Strate has proven all the following elements by the preponderance of the evidence:

*First,* the Bank terminated Ms. Strate's employment; and

*Second*, Ms. Strate's pregnancy, childbirth, or related medical condition was a motivating factor in the Bank's decision.

If either of the above elements has not been proved by the preponderance of the evidence, your verdict must be for the Bank and you need not proceed further in considering this claim.

As used in this instruction, Ms. Strate's pregnancy, childbirth, or related medical condition was a "motivating factor" if her pregnancy, childbirth, or related medical condition played a part in the Bank's decision to terminate Ms. Strate.  However, her pregnancy, childbirth or related medical condition need not have been the only reason for the Bank's decision to terminate Ms. Strate.

Source:   8th Cir. Civil Jury Instr. 5.01 (2001); 42 U.S.C. §2000e(k);
          *Desert Palace, Inc. v. Costa*, 123 S. Ct. 2148, 2155 (2003).
          8th Cir. Civil Jury Instr. 5.96 n. 4 (2001); *Price Waterhouse v. Hopkins*, 490 U.S.
          228, 241-42 (1989).

Submitted by Plaintiff.

**INSTRUCTION NO. _____**

If you find in favor of Ms. Strate under Instruction \_\_\_\_\_, then you must answer the following question in the verdict form[s]:  Has the Bank proved by the preponderance of the evidence that it would have terminated Ms. Strate regardless of her pregnancy, childbirth, or related medical condition?

<u>Source</u>:        8th Cir. Civil Jury Instr. 5.01A (2001).

Submitted by Plaintiff.

**INSTRUCTION NO. ___**

If you find in favor of Ms. Strate under Instruction _____ and if you answer "no" in response to Instruction ____, then you must award Ms. Strate such sum as you find by the preponderance of the evidence will fairly and justly compensate Ms. Strate for any damages you find Ms. Strate sustained as a direct result of the Bank's decision to terminate her. Ms. Strate's claim for damages includes two distinct types of damages and you must consider them separately:

*First*, you must determine the amount of any wages and fringe benefits Ms. Strate would have earned in her employment with the Bank if she had not been terminated on July 2, 2001 through the date of your verdict, *minus* the amount of earnings and benefits from other employment during that time.

*Second*, you must determine the amount of any other damages sustained by Ms. Strate, such as emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses. You must enter separate amounts for each type of damages in the verdict form and must not include the same items in more than one category.

Source:      8th Cir. Civil Jury Instr. 5.02 (2001);  42 U.S.C. § 1981a(b)(3) (1994).

Submitted by Plaintiff.

**INSTRUCTION NO. _____**

In addition to actual damages mentioned in the other instructions, the law permits the jury under limited circumstances to award an injured person punitive damages.

If you find in favor of Ms. Strate under Instruction _____, and if you answer "no" in response to Instruction _____, then you must decide whether the Bank acted with malice or reckless indifference to Ms. Strate's right not to be discriminated against on the basis of her pregnancy, childbirth, or related medical condition.  The Bank acted with malice or reckless indifference if:

> Ms. Strate has proved by the preponderance of the evidence that the Bank knew that the termination was in violation of the law prohibiting discrimination on the basis of pregnancy, childbirth, or related medical condition, or acted with reckless disregard of that law.

If you find that the Bank acted with malice or reckless disregard and did not make a good-faith effort to comply with the law, then, in addition to any actual damages to which you find Ms. Strate entitled, you may, but are not required to, award Ms. Strate an additional amount as punitive damages if you find it is appropriate to punish the the Bank or to deter the Bank and others from like conduct in the future.  Whether to award Ms. Strate punitive damages, and the amount of those damages, are within your discretion.

Source:        8th Cir. Civil Jury Instr. 5.04 (2001).

Submitted by Plaintiff.

ST_LOUIS\1460529.02

16

**INSTRUCTION NO. _____**

Under the Missouri Human Rights Act, it is unlawful for an employer to intentionally discriminate against any person with respect to compensation, tenure, conditions, or privileges of employment because of such person's pregnancy.

Ms. Strate claims that the Bank intentionally discriminated against her because of her pregnancy.  The Bank denies this charge.

It is your responsibility to decide whether Ms. Strate has proven her claim of intentional discrimination by the Bank by a preponderance of the evidence.

Source:    O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* § 171.01 (2000); 42 U.S.C. § 2000e(k); *Tart v. Hill Behan Lumber Co.*, 31 F.3d 668, 671 (8th Cir. 1994); McMullen v. McRaven, 882 S.W.2d 772, 774 (Mo. App. 1994).

Submitted by Plaintiff

## INSTRUCTION NO. _____

Your verdict must be for Ms. Strate on her claim of pregnancy discrimination in violation of the Missouri Human Rights Act if Ms. Strate has proven all the following elements by the preponderance of the evidence:

*First,* the Bank terminated Ms. Strate's employment; and

*Second*, Ms. Strate's pregnancy was a motivating factor in the Bank's decision.

If Ms. Strate has not proven either of the above elements by the preponderance of the evidence, your verdict must be for the Bank and you need not proceed further in considering this claim.

As used in this instruction, Ms. Strate's pregnancy was a "motivating factor" if her pregnancy played a part in the Bank's decision to terminate Ms. Strate.  However, her pregnancy need not have been the only reason for the Bank's decision to terminate Ms. Strate.

Source:  *Tart v. Hill Behan Lumber Co.*, 31 F.3d 668, 671 (8th Cir. 1994); 8th Cir. Civil
Jury Instr. 5.01 (2001); 42 U.S.C. §2000e(k); *Desert Palace, Inc. v. Costa*, 123 S.
Ct. 2148, 2155 (2003).
8th Cir. Civil Jury Instr. 5.96 (2001).

Submitted by Plaintiff.

ST_LOUIS\1460529.02

**INSTRUCTION NO. _____**

If you find in favor of Ms. Strate under Instruction _____, then you must answer the following question in the verdict form:  Has the Bank proved by the preponderance of the evidence that it would have terminated Ms. Strate regardless of her pregnancy?

Source:      *Tart v. Hill Behan Lumber Co.*, 31 F.3d 668, 671 (8th Cir. 1994); 8th Cir. Civil Jury Instr. 5.01A (2001).

Submitted by Plaintiff.

**INSTRUCTION NO. ___**

If you find in favor of Ms. Strate under Instruction _____ and if you answer "no" in response to Instruction ____, then you must award Ms. Strate such sum as you find by the preponderance of the evidence will fairly and justly compensate Ms. Strate for any damages you find Ms. Strate sustained as a direct result of the Bank's decision to terminate Ms. Strate.   Ms. Strate's claim for damages includes two distinct types of damages and you must consider them separately:

*First*, you must determine the amount of any wages and fringe benefits Ms. Strate would have earned in her employment with the Bank if she had not been terminated on July 2, 2001 through the date of your verdict, *minus* the amount of earnings and benefits from other employment during that time.

*Second*, you must determine the amount of any other damages sustained by Ms. Strate, such as emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.   You must enter separate amounts for each type of damages in the verdict form and must not include the same items in more than one category.

Source:          *Tart v. Hill Behan Lumber Co.*, 31 F.3d 668, 671 (8th Cir. 1994); 8th Cir. Civil
                 Jury Instr. 5.02 (2001); 42 U.S.C. § 1981a(b)(3) (1994).

Submitted by Plaintiff.

ST_LOUIS\1460529.02

## INSTRUCTION NO. _____

In addition to actual damages mentioned in the other instructions, the MHRA permits the jury under limited circumstances to award an injured person punitive damages.

If you find in favor of Ms. Strate under Instruction _____, and if you answer "no" in response to Instruction _____, then you must decide whether the Bank's conduct was outrageous because of its evil motive or reckless indifference to Ms. Strate's right not to be discriminated against on the basis of her pregnancy.  The Bank acted with reckless indifference if:

> Ms. Strate has proved by clear and convincing evidence that the Bank knew that the termination was in violation of the law prohibiting pregnancy discrimination, or acted with reckless disregard of that law.

The requisite level of recklessness or outrageousness can be inferred from management's participation in the discriminatory conduct.  If you find that the Bank's conduct as submitted in Instruction No. ___ was outrageous because of its evil motive or reckless indifference to Ms. Strate's rights, then, in addition to any actual damages to which you find Ms. Strate entitled, you may award Ms. Strate an additional amount as punitive damages in such sum as you believe will serve to punish the Bank or to deter the Bank and others from like conduct in the future.

Source:     8th Cir. Civil Jury Instr. 5.04 (2001) (modified); M.A.I. 10.01 (modified); *Browning v. President Riverboat Casino-Missouri, Inc.*, 139 F.3d 631 (8th Cir. 1998); *Kimzey v. Wal-Mart Stores, Inc.*, 107 F.3d 568, 575-78 (8th Cir. 1997).

Submitted by Plaintiff.

ST_LOUIS\1460529.02

21

**INSTRUCTION NO. _____**

Under the Americans with Disabilities Act (ADA), it is unlawful for an employer to intentionally discriminate against a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association.

In this case Ms. Strate claims that the Bank intentionally discriminated against her because her newborn son had a disability.

The Bank denies this charge.

Source:     O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* § 172.01 (2000) (modified); 42 U.S.C. § 12112(b)(4).

Submitted by Plaintiff.

**INSTRUCTION NO. _____**

Your verdict must be for Ms. Strate on her ADA association discrimination claim if Ms. Strate proves all of the following elements by the preponderance of the evidence:

*First,* Ms. Strate had given birth to a child with Downs' Syndrome; and

*Second*, Downs' Syndrome substantially limited the child's ability to perform major life activities; and

*Third*, the Bank terminated Ms. Starte's employment; and

*Fourth*, Ms. Strate was qualified for the job at the time she was terminated;

*Fifth*, the Bank knew that Ms. Strate had given birth to a child with Downs' Syndrome and the child's Downs' Syndrome was a motivating factor in the Bank's decision to terminate Ms. Strate.

If any of the above elements has not been proved by the preponderance of the evidence, your verdict must be for the Bank.

As used in this instruction, the child's Downs' Syndrome was a "motivating factor" if the child's Downs' Syndrome played a part in the Bank's decision to terminate Ms. Strate. However, the child's Downs' Syndrome need not have been the only reason for the Bank's decision to terminate Ms. Strate.

Source:    Foster v. Arthur Andersen, LLP, 168 F.3d 1029, 1033 (8th Cir. 1999); Doane v. City of Omaha, 115 F.3d 624, 629 (8th Cir. 1997).
8th Cir. Civil Jury Instr. 5.51A (2001) (modified).
8th Cir. Civil Jury Instr. 5.96 (2001).

Submitted by Plaintiff.

ST_LOUIS\1460529.02

23

**INSTRUCTION NO. _____**

If you find in favor of Ms. Strate under Instruction _____, then you must answer the following question in the verdict forms:  Has the Bank proved by the preponderance of the evidence that the Bank would have terminated Ms. Strate even if the Bank had not considered her child's Downs' Syndrome?

<u>Source</u>:        8th Cir. Civil Jury Instr. 5.51A/B(1) (2001).

Submitted by Plaintiff.

ST_LOUIS\1460529.02

24

**INSTRUCTION NO. ___**

If you find in favor of Ms. Strate under Instruction _____ and if you answer "no" in response to Instruction ____, then you must award Ms. Strate such sum as you find by the preponderance of the evidence will fairly and justly compensate Ms. Strate for any damages you find she sustained as a direct result of the Bank's decision to terminate her.  Ms. Strate's claim for damages includes two distinct types of damages and you must consider them separately:

*First*, you must determine the amount of any wages and fringe benefits Ms. Strate would have earned in her employment with the Bank if she had not been terminated on July 2, 2001 through the date of your verdict, *minus* the amount of earnings and benefits from other employment during that time.

*Second*, you must determine the amount of any other damages sustained by Ms. Strate, such as emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.  You must enter separate amounts for each type of damages in the verdict form and must not include the same items in more than one category.

Source:        8th Cir. Civil Jury Instr. 5.54 (2001);  42 U.S.C. § 1981a(b)(3) (1994).

Submitted by Plaintiff.

**INSTRUCTION NO. _____**

In addition to actual damages mentioned in the other instructions, the law permits the jury under limited circumstances to award an injured person punitive damages.

If you find in favor of Ms. Strate under Instruction _____, and if you answer "no" in response to Instruction _____, then you must decide whether the Bank acted with malice or reckless indifference to Ms. Strate's right not to be discriminated against on the basis of her child's Downs' Syndrome.  The Bank acted with malice or reckless indifference if:

Ms. Strate has proved by the preponderance of the evidence that the Bank knew that the termination was in violation of the law prohibiting disability discrimination, or acted with reckless disregard of that law.

If you find that the Bank acted with malice or reckless disregard and did not make a good-faith effort to comply with the law, then, in addition to any actual damages to which you find Ms. Strate entitled, you may, but are not required to, award Ms. Strate an additional amount as punitive damages if you find it is appropriate to punish the Bank or to deter the Bank and others from like conduct in the future.  Whether to award Ms. Strate punitive damages, and the amount of those damages, are within your discretion.

Source:        8th Cir. Civil Jury Instr. 5.56 (2001).

Submitted by Plaintiff.

**INSTRUCTION NO. _____**

Under the Missouri Human Rights Act (MHRA), it is unlawful for an employer to intentionally discriminate against a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association.

In this case the Ms. Strate claims that the Bank intentionally discriminated against her because Ms. Strate's newborn son had a disability.

The Bank denies this charge.

Source:   O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* § 172.01 (2000)
(modified); Mo. Rev. Stat. § 213.055 (2002); Mo. Rev. Stat. § 213.070(4) (2002).

Submitted by Plaintiff.

**INSTRUCTION NO. _____**

Your verdict must be for Ms. Strate on her claim of association discrimination claim in violation of the Missouri Human Rights Act if Ms. Strate has proven all the following elements by the preponderance of the evidence:

*First,* Ms. Strate had given birth to a child with Downs' Syndrome; and

*Second*, Downs' Syndrome substantially limited the child's ability to perform major life activities; and

*Third*, the Bank terminated Ms. Starte's employment; and

*Fourth*, Ms. Strate was qualified for the job at the time she was terminated;

*Fifth*, the Bank knew that Ms. Strate had given birth to a child with Downs' Syndrome and the child's Downs' Syndrome was a motivating factor in the Bank's decision to terminate Ms. Strate.

If any of the above elements has not been proved by the preponderance of the evidence, your verdict must be for the Bank.

As used in this instruction, the child's Downs' Syndrome was a "motivating factor" if the child's Downs' Syndrome played a part in the Bank's decision to terminate Ms. Strate. However, the child's Downs' Syndrome need not have been the only reason for the Bank's decision to terminate Ms. Strate.

Source:    Mo. Rev. Stat. § 213.055 (2002); Mo. Rev. Stat. § 213.070(4) (2002); *Tart v. Hill Behan Lumber Co.*, 31 F.3d 668, 671 (8th Cir. 1994); Foster v. Arthur Andersen, LLP, 168 F.3d 1029, 1033 (8th Cir. 1999); Doane v. City of Omaha, 115 F.3d 624, 629 (8th Cir. 1997); 8th Cir. Civil Jury Instr. 5.51A (2001); 8th Cir. Civil Jury Instr. 5.96 (2001).

Submitted by Plaintiff.

**INSTRUCTION NO. _____**

If you find in favor of Ms. Strate under Instruction _____, then you must answer the following question in the verdict form[s]:  Has the Bank proved by the preponderance of the evidence that it would have terminated Ms. Strate even if the Bank had not considered her child's disability?

Source:      8th Cir. Civil Jury Instr. 5.51A/B(1) (2001); *Tart v. Hill Behan Lumber Co.*, 31 F.3d 668, 671 (8th Cir. 1994); Foster v. Arthur Andersen, LLP, 168 F.3d 1029, 1033 (8th Cir. 1999); Doane v. City of Omaha, 115 F.3d 624, 629 (8th Cir. 1997).

Submitted by Plaintiff.

**INSTRUCTION NO. ___**

If you find in favor of Ms. Strate under Instruction _____ and if you answer "no" in response to Instruction _____, then you must award Ms. Strate such sum as you find by the preponderance of the evidence will fairly and justly compensate her for any damages you find Ms. Strate sustained as a direct result of the Bank's decision to terminate her.  Ms. Strate's claim for damages includes two distinct types of damages and you must consider them separately:

*First*, you must determine the amount of any wages and fringe benefits Ms. Strate would have earned in her employment with  the Bank if she had not been terminated on July 2, 2001 through the date of your verdict, *minus* the amount of earnings and benefits from other employment during that time.

*Second*, you must determine the amount of any other damages sustained by  Ms. Strate, such as future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.  You must enter separate amounts for each type of damages in the verdict form and must not include the same items in more than one category.

Source:        8th Cir. Civil Jury Instr. 5.54 (2001);  42 U.S.C. § 1981a(b)(3) (1994); *Tart v. Hill Behan Lumber Co.*, 31 F.3d 668, 671 (8th Cir. 1994).

Submitted by Plaintiff.

**INSTRUCTION NO. _____**

In addition to actual damages mentioned in the other instructions, the MHRA permits the jury under limited circumstances to award an injured person punitive damages.

If you find in favor of Ms. Strate under Instruction _____, and if you answer "no" in response to Instruction _____, then you must decide whether the Bank's conduct was outrageous because of its evil motive or reckless indifference to Ms. Strate's right not to be discriminated against on the basis of her pregnancy.  The Bank acted with reckless indifference if:

Ms. Strate has proved by clear and convincing evidence that the Bank knew that the termination was in violation of the law prohibiting pregnancy discrimination, or acted with reckless disregard of that law.

The requisite level of recklessness or outrageousness can be inferred from management's participation in the discriminatory conduct.  If you find that the Bank's conduct as submitted in Instruction No. ___ was outrageous because of its evil motive or reckless indifference to Ms. Strate's rights, then, in addition to any actual damages to which you find Ms. Strate entitled, you may award Ms. Strate an additional amount as punitive damages in such sum as you believe will serve to punish the Bank or to deter the Bank and others from like conduct in the future.

Source:          8th Cir. Civil Jury Instr. 5.56 (2001) (modified); M.A.I. 10.01 (modified); *Browning v. President Riverboat Casino-Missouri, Inc.*, 139 F.3d 631 (8th Cir. 1998); *Kimzey v. Wal-Mart Stores, Inc.*, 107 F.3d 568, 575 (8th Cir. 1997).

Submitted by Plaintiff.

ST_LOUIS\1460529.02

**INSTRUCTION NO. _____**

Under the Family and Medical Leave Act (FMLA), it is unlawful for an employer to discriminate against employees for exercising their rights under FMLA to take family and medical leave.

Ms. Strate claims that the Bank intentionally discriminated against her because she exercised her right under FMLA to take family and medical leave as a result of her pregnancy, her related health conditions arising from her pregnancy, and for the birth and care of her son. The Bank denies this charge.

It is your responsibility to decide whether Ms. Strate has proven her claim of intentional discrimination by the Bank by a preponderance of the evidence.

Source:   O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* § 171.01 (2000); 29 U.S.C. § 2615(a).

Submitted by Plaintiff.

ST_LOUIS\1460529.02

**INSTRUCTION NO. _____**

Your verdict must be for the Ms. Strate on her FMLA claim if Ms. Strate proves all of the following elements by a preponderance of the evidence:

*First*, Ms. Strate took family and medical leave from work because of her pregnancy and the birth of her son;

*Second*, the Bank terminated Ms. Strate;

*Third*, Ms. Strate's family and medical leave from work was a determining factor in the Bank's decision to terminate Ms. Strate.

However, your verdict must be for the Bank if any of the above elements has not been proved by a preponderance of the evidence.

<u>Source</u>:          8th Cir. Civil Jury Instr. 5.81C (2001).
                         <u>Hatchett v. Philander Smith College</u>, 251 F.3d 670, 677 (8th Cir. 2001).

Submitted by Plaintiff.

**INSTRUCTION NO. _____**

If you find in favor of Ms. Strate under Instruction _____, then you must answer the following question in the verdict forms:  Has it been proved by a preponderance of the evidence that the Bank would have terminated Ms. Strate even if the Bank had not considered Ms. Strate's medical leave from work?

Source:        8th Cir. Civil Jury Instr. 5.82 (2001).

Submitted by Plaintiff.

ST_LOUIS\1460529.02

34

**INSTRUCTION NO. ___**

If you find in favor of Ms. Strate under Instruction _____ and if you answer "no" in response to Instruction ____, then you must award Ms. Strate the amount of any wages, salary, and employment benefits Ms. Strate would have earned in her employment with the Bank if she had not been terminated on July 2, 2001 through the date of your verdict, *minus* the amount of earnings and benefits from other employment received by Ms. Strate during that time.

Source:       8th Cir. Civil Jury Instr. 5.85 (2001); 29 U.S.C. 2617.

Submitted by Plaintiff

**INSTRUCTION NO. _____**

If you find in favor of Ms. Strate under Instruction _____, then you must decide whether the Bank acted in good faith.  You must find the Bank acted in good faith if you find by a preponderance of the evidence that when the Bank terminated Ms. Strate, the Bank reasonably believed its actions complied with the Family and Medical Leave Act.

Source:        8th Cir. Civil Jury Instr. 5.86 (2001).

Submitted by Plaintiff.

**VERDICT A**

**Note:**      Complete the following paragraph by writing in the name required by your verdict.

On the PDA pregnancy discrimination claim of Janet Strate, as submitted in Instruction _____, we find in favor of:

_____

(Janet Strate)                    or                    (Midwest BankCentre, Inc.)

**Note:**      Answer the next question only if the above finding is in favor of Ms. Strate.  If the above finding is in favor of the Bank, have your foreperson sign and date this form because you have completed your deliberations on this claim.

Has the Bank proved by the preponderance of the evidence that it would have terminated Ms. Strate even if the Bank had not considered Ms. Strate's pregnancy, childbirth, or related medical condition?

_____Yes                              _____No

(Mark an "X" in the appropriate space)

**Note:**      If you answered "yes" to the preceding question, have your foreperson sign and date this form because you have completed your deliberations on this claim.  If you answered "no" to the preceding question, complete Verdict F.

Dated: _____                    _____
                                                              Foreperson

Source:      8th Cir. Civil Jury Instr. 5.05 (2001), modified.

Submitted by Plaintiff.

**VERDICT B**

**Note:**        Complete the following paragraph by writing in the name required by your verdict.

On the state law (MHRA) pregnancy claim of Janet Strate, as submitted in Instruction _____, we find in favor of:

_____

          (Janet Strate)                or               (Midwest BankCentre, Inc.)

**Note:**        Answer the next question only if the above finding is in favor of Ms. Strate.  If the above finding is in favor of the Bank, have your foreperson sign and date this form because you have completed your deliberations on this claim.

Has the Bank proved by the preponderance of the evidence that it would have terminated Ms. Strate even if the Bank had not considered Ms. Strate's pregnancy?

          _____Yes                  _____No

          (Mark an "X" in the appropriate space)

**Note:**        If you answered "yes" to the preceding question, have your foreperson sign and date this form because you have completed your deliberations on this claim.  If you answered "no" to the preceding question, complete Verdict F.

Dated: _____           _____

                                                  Foreperson

<u>Source</u>:        8th Cir. Civil Jury Instr. 5.05 (2001).

Submitted by Plaintiff.

**VERDICT C**

**Note:**        Complete the following paragraph by writing in the name required by your
                 verdict.

On the ADA disability association discrimination claim of Janet Strate, as submitted in
Instruction _____, we find in favor of:

_____

               (Janet Strate)                    or                    (Midwest BankCentre, Inc.)

**Note:**        Answer the next question only if the above finding is in favor of Ms. Strate.  If the
                 above finding is in favor of the Bank, have your foreperson sign and date this
                 form because you have completed your deliberations on this claim.

Has the Bank proved by the preponderance of the evidence that it would have terminated
Ms. Strate even if the Bank had not considered Ms. Strate's child's Downs', mSysndrome?

               _____Yes                              _____No

                        (Mark an "X" in the appropriate space)

**Note:**        If you answered "yes" to the preceding question, have your foreperson sign and
                 date this form because you have completed your deliberations on this claim.  If
                 you answered "no" to the preceding question, complete Verdict F.

Dated:  _____          _____
                                                    Foreperson

Source:        8th Cir. Civil Jury Instr. 5.05 (2001), modified.

Submitted by Plaintiff

**VERDICT D**

**Note:**        Complete the following paragraph by writing in the name required by your verdict.

On the state law (MHRA) claim of Janet Strate for disability association discrimination, as submitted in Instruction _____, we find in favor of:

_____

(Janet Strate)                    or                    (Midwest BankCentre, Inc.)

**Note:**        Answer the next question only if the above finding is in favor of Ms. Strate.  If the above finding is in favor of the Bank, have your foreperson sign and date this form because you have completed your deliberations on this claim.

Has the Bank proved by the preponderance of the evidence that it would have terminated Ms. Strate even if the Bank had not considered Ms. Strate's child's Downs' Syndrome?

_____Yes                              _____No

(Mark an "X" in the appropriate space)

**Note:**        If you answered "yes" to the preceding question, have your foreperson sign and date this form because you have completed your deliberations on this claim.  If you answered "no" to the preceding question, complete Verdict F.

Dated: _____                        _____
                                                                          Foreperson

Source:        8th Cir. Civil Jury Instr. 5.05 (2001), modified.

Submitted by Plaintiff.

ST_LOUIS\1460529.02

40

**VERDICT E**

**Note:**      Complete the following paragraph by writing in the name required by your verdict.

On the FMLA claim of Janet Strate, as submitted in Instruction _____, we find in favor of:

_____

(Janet Strate)                       or                       (Midwest BankCentre, Inc.)

**Note:**      Answer the next question only if the above finding is in favor of Ms. Strate.  If the above finding is in favor of the Bank, have your foreperson sign and date this form because you have completed your deliberations on this claim.

Has the Bank proved by the preponderance of the evidence that it would have terminated Ms. Strate even if the Bank had not considered Ms. Strate's medical leave from work?

_____Yes                              _____No

(Mark an "X" in the appropriate space)

**Note:**      If you answered "yes" to the preceding question, have your foreperson sign and date this form because you have completed your deliberations on this claim.  If you answered "no" to the preceding question, complete Verdict F.

Dated:  _____            _____

Foreperson

Source:      8th Cir. Civil Jury Instr. 5.05 (2001), modified.

Submitted by Plaintiff.

**VERDICT F**

We find Ms. Strate's lost wages and benefits through the date of this verdict to be:

$_____ (stating the amount or, if none, write the word "none").

We find Ms. Strate's other non-pecuniary damages, including emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, to be:

$_____ (stating the amount or, if none, write the word "none").

We assess punitive damages against the Bank, as submitted in Instructions_____, as follows:

$_____ (stating the amount or, if none, write the word "none").

Dated: _____        _____
                                                    Foreperson

Source: 8th Cir. Civil Jury Instr. 5.05 (2001), modified.

Submitted by Plaintiff.